CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



December 27, 2019

Stephen F. Shea, Esq.
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Jay C. Hinsley, Esq.
Special Assistant United States Attorney
Social Security Administration,
Office of General Counsel
6401 Security Blvd.
Baltimore, MD 21235

Subject: *James T. v. Berryhill*[1]
Civil No.: 8:18-cv-02368-GLS

Dear Counsel:

Pending before this Court are cross-motions for summary judgment. (ECF Nos. 14, 16). A court must uphold the Social Security Administration's ("SSA" or "the Agency") decision if it supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3)(2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. A court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. (*Id.*). Upon review of the pleadings and the record, this Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is remanded for further consideration.

## I. BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits and Title XVI application for Supplemental Security Income Benefits on April 1, 2014, alleging a disability onset date of February 21, 2014. (Tr. 14). The SSA denied Plaintiff's application initially on August 15, 2014 and upon reconsideration, denied it again on February 4, 2015. (*Id.*). The Administrative Law Judge ("ALJ") granted Plaintiff's request for a hearing and conducted it on April 4, 2017. (*Id.*). On August 27, 2017, the ALJ issued a decision finding the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-32). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final, reviewable

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

decision of the Agency. (Tr. 1-5).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

In deciding to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation process regarding disability set forth in 20 C.F.R. § 416.920. *See also Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ were as follows: step one, assess whether Plaintiff engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether Plaintiff's impairments met the severity and durations requirements found in the regulations; step three, ascertain whether Plaintiff's medical impairment met or equaled an impairment listed in the regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. ("the Listings"); step four, analyze whether Plaintiff could perform her past work, given the limitations caused by her impairments; and at step five, analyze whether Plaintiff could perform any work. (Tr. 31-40). Because the first three steps did not yield a conclusive determination, the ALJ also assessed Plaintiff's Residual Functional Capacity ("RFC")—i.e., the "most the claimant 'c[ould] still do despite, physical and mental limitations that affect[ed] her ability to work"—by considering all of Plaintiff's medically determinable impairments, regardless of their severity. *See Mascio*, at 635 (quoting 20 C.F.R. § 416.945(a)(1)). Per *Mascio*, Plaintiff bore the burden of proof through the first four steps of the sequential evaluation process. 780 F.3d at 636. Upon making the requisite showing, the burden shifted to the Agency at step five to prove that Plaintiff could perform other work that "exist[ed] in significant numbers in the national economy," in light of her "[RFC], age, education and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

Here, the ALJ found that Plaintiff suffered from the following severe impairments beginning on February 21, 2014: degenerative joint disease and effusion of right knee, status-post surgical open reduction and internal fixation (ORIF) and repair, degenerative joint disease of right shoulder, tendon tear of left shoulder, and gout in lower extremity. (Tr. 17). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except occasional push/pull with the bilateral lower extremities, occasional push/pull and reach overhead with the bilateral upper extremities, occasionally climb ramps/stairs, never climb ladders, ropes, or scaffolds, occasionally kneel and crouch, frequently stoop, never crawl. (Tr. 19).

At the hearing, a vocational expert ("VE") testified about whether a hypothetical person who was limited to light exertional work, could perform jobs that the Plaintiff previously performed. (Tr. 66). Next, the ALJ asked the VE about a hypothetical person with the same limitations as the Plaintiff could perform other work existing in significant numbers in the national economy. The VE opined that the person, could do so e.g., as a production inspector, a price marker, an informational clerk, and mail clerk. (Tr. 67-68). Therefore, the ALJ found that the Plaintiff was not disabled. (*Id.*).

**III. DISCUSSION**

On appeal to this Court, Plaintiff asserts that the ALJ committed several prejudicial errors in evaluating his mental impairments and in determining his RFC, namely, by failing to: (a) explain how she determined that Plaintiff was limited to the performance of light exertional-level work; (b) explain how she evaluated a Work Activity Questionnaire; and (c) resolve an apparent conflict between the testimony of the vocational expert and the information contained in The Dictionary of Occupational Titles. (ECF No. 14, pp. 5-13).

When assessing a claimant's RFC, the regulations require that an ALJ consider all the claimant's medically-determinable impairments, including any medically-determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ is to consider any inconsistency between the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to the symptoms being consistent with the objective medical evidence and other evidence. *Id.* The RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). Accordingly, a "proper RFC analysis contains three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017) (the ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

Plaintiff contends that the ALJ failed to adequately explain how she determined that Plaintiff was limited to the performance of "light exertional level work." (ECF No. 14, p. 6). In contrast, Defendant relies on *Thomason v. Astrue*, No. TMD-08-3403, 2012 WL 707003 (D.Md. Mar. 2, 2012), to argue that the Plaintiff advances a "boilerplate argument" that failed to provide a narrative discussion when assessing Plaintiff's RFC. (ECF No. 16-1, p. 6).

The Fourth Circuit has held that "meaningful review is frustrated when an ALJ merely lists the evidence, and then simply states a conclusion." *Thomas*, 916 F.3d at 311. An ALJ's narrative discussion "must both identify evidence that supports [the] conclusion and build an accurate and logical bridge from [that] evidence to [the] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (internal citation omitted).

Here, the ALJ provided a detailed summary of the medical evidence, which clearly reflects that she engaged in a thorough review. The ALJ described Plaintiff's physical health at various points in 2011, 2013, 2014, 2016, and 2017. (Tr. 21-27). For instance, the ALJ cited to a normal physical examination of Plaintiff in December 2014, how Plaintiff had "normal strength, sensation and coordination" in his upper and lower extremities in November-December 2016, and how, in 2016, Plaintiff had normal range of motion in his shoulders, elbows and wrists. (Tr. 27). In analyzing these medical records, the ALJ assigned "little weight" to "no weight" to all of the medical opinions of record, including the opinion of Dr. James Grim (Tr. 28-30). In December

3

2014, Dr. Grim determined that Plaintiff had certain limitations, e.g., he could occasionally push/pull, perform certain reaches, could not kneel and crouch. (Tr. 92-93). These limitations are described in virtually the same verbiage that the ALJ used in devising the Plaintiff's RFC. *Compare* (Tr. 92-93) with (Tr. 19). However, the ALJ also found that Dr. Grim's opinion was not "consistent with the evidence of record as a whole, including evidence submitted during the hearing level. . . ." (Tr. 28). Thus, despite the thorough review of the records, remand is appropriate for several reasons. First, the ALJ does not articulate how she determined that Plaintiff could do "light exertional work" as opposed to "sedentary work" or any other form of work. Which pages in the medical record support a conclusion that "light exertional work" was appropriate? Second, I am unable to discern how the ALJ decided that Plaintiff could perform "light exertional work,"— i.e., seemingly adopting Dr. Grim's assessment—yet, also find that Dr. Grim's opinion was inconsistent with the evidence. Third, it is unclear which medical opinions the ALJ relied upon to support the RFC imposed here. Where, as here, the ALJ does not "build a logical bridge" between the evidence and her conclusion, remand is necessary. *Thomas*, 916 F.3d at 311; *Woods*, 888 F.3d at 694.

Second, Plaintiff avers that the ALJ failed to properly evaluate a "Work Activity Questionnaire" completed by Plaintiff's past employer. (ECF No. 14, p. 9). Third, Plaintiff asserts that the ALJ failed to resolve an apparent conflict between the testimony of the vocational expert and the information contained in The Dictionary of Occupational Titles. (ECF No. 14, pp. 9-13). Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ should articulate how she analyzed the "Work Activity Questionnaire," including whether there was any evidence to support the notion that Plaintiff could not remain on task. In addition, the ALJ should articulate whether there indeed was a conflict between the VE's testimony and the Dictionary of Occupational titles, and how that alleged conflict was addressed, in light of *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Despite remanding the case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits is correct.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 16), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*James T. v. Berryhill*
GLS-18-2368
December 27, 2019

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge